IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY JAMEL MITCHELL,

    Petitioner,

    v.                                  Civil Action No. 3:23cv444

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Jeffrey Jamel Mitchell, a Virginia inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). The matter is before the Court on the Court's July 26, 2023 Memorandum Order directing Petitioner to show good cause for his failure to exhaust his state court remedies and Petitioner's response.

**I. Exhaustion**

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston,* 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns,* 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush,* 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to

the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

Petitioner's submissions failed to indicate that he had presented his claims for relief to the Supreme Court of Virginia by either direct review or by collateral review. (*See* ECF No. 1, at 5, 20, 30–31, 38–39.) Accordingly, by Memorandum Order entered on July 26, 2023, the Court directed Petitioner to show cause, within twenty (20) days of date of entry hereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion. (ECF No. 2.) Petitioner has responded. (ECF No. 3.)

At most, Petitioner indicates that he attempted to raise his claims on direct appeal in *pro se* motions, but the Court of Appeals of Virginia and the Supreme Court of Virginia denied his motions. (ECF No. 3, at 1.)[1] Therefore, Petitioner fails to demonstrate he has exhausted his state remedies. Moreover, the issues here may be resolved by collateral appeal. Petitioner fails to demonstrate any exceptional circumstances warranting the consideration of his habeas petition at this time. Accordingly, Petitioner's § 2254 Petition and the action will be DISMISSED

---

[1] In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code § 8.01–654(A)(1) (2019). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005); *see also Sparrow*, 439 F. Supp. 2d at 587. The record shows that the state courts did not rule on Petitioner's claims as he seemingly suggests. (*See, e.g.*, ECF No. 1-2, at 3, 5–7 (denying various motions to supplement).)

WITHOUT PREJUDICE because he has failed either to demonstrate that he has exhausted available state remedies or that exceptional circumstances warrant consideration of his petition at this juncture.

## II. A Stay and Abeyance is Not Justified

Petitioner, apparently understanding that he has not properly exhausted his claims, asks the Court for an "abeyance" of his § 2254 Petition in order to exhaust his claims by state habeas. (ECF No. 3, at 3.) The Supreme Court of the United States has admonished that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for petitioner's failure to exhaust his claims first in state court." *Id.* Here, Petitioner has not stated any good cause for his failure to first exhaust his claims in state court.[2] *See Payne v. Johnson*, No. 3:07CV614, 2008 WL 3843447, at *1 (E.D. Va. Aug. 15, 2008) ("[W]here a petitioner has failed to exhaust state court remedies for *all* of his claims, the federal court must dismiss the petition without prejudice because the use of the stay and abeyance procedure for certain mixed federal habeas petitions is inapplicable." (some internal quotation marks omitted) (quoting *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008)); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (citation omitted) ("Once a district court determines that a habeas petition contains only

---

[2] Petitioner's argument focuses on the fact that he attempted to raise his claims on direct appeal in a *pro se* motion, but the appellate court denied his motions. Petitioner offers no reason why he did not attempt to raise his claims in a state habeas proceeding before filing in federal court. Petitioner also expresses concern that the state statute of limitations started on July 7, 2022 and "will be expired." (ECF No. 3, at 3.) However, Petitioner waited until June 30, 2023 to bring his § 2254 Petition. (ECF No. 1, at 47.) Petitioner fails to offer any explanation about why he could not or did not file a state habeas petition during this lengthy period of time. Accordingly, Petitioner fails to show good cause for his failure to exhaust his claims or why a stay is warranted here.

3

unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.") Accordingly, Petitioner has failed to demonstrate good cause for a stay of the instant action.

### III. Conclusion

The § 2254 Petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust his state court remedies. The action is DISMISSED WITHOUT PREJUDICE so that Petitioner may exhaust his state court remedies. The Court admonishes Petitioner that any petition for writ of habeas corpus in the federal court should be promptly filed at the conclusion of his state collateral proceedings. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 9-1-2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge